RICHLAND BUILDERS, INC., APPELLEE, *v.* THOME ET AL., APPELLANTS.

(No. 144—Decided May 10, 1950.)

*Messrs. Shaw & Clemens* and *Mr. Robert Small,* for appellee.

*Mr. Edwin S. Diehl,* for appellants.

*Per Curiam.* This is an appeal on questions of law.

The plaintiff, Richland Builders, Inc., an Ohio corporation, filed its petition against the defendants, Alex N. Thome and Erna N. Thome, husband and wife, in the Court of Common Pleas of Defiance County, alleging that it had furnished certain materials and labor to the defendants for the construction of a dwelling house upon certain described real estate owned by the defendants, situated in the city of Defiance, Defiance county, Ohio, under an agreement with the defendants providing for construction costs, to be computed upon actual costs for material and labor, plus ten per cent thereof. Attached to the petition is an itemized account of such materials and labor.

Plaintiff alleges further that the defendants had refused to pay for such materials and labor, and pursuant to law plaintiff had filed in the office of the recorder of Defiance county, Ohio, an affidavit in conformity with the provisions of Section 8314, General Code, for the purpose of obtaining a mechanic's lien upon the real estate.

Plaintiff prays for judgment against the defendants in the sum of $6,918.11, for foreclosure of its mechanic's lien, and for costs and other relief.

The allegations of the petition do not disclose whether the agreement between the parties mentioned is in writing.

To this petition the defendants filed an answer and cross-petition.

In the answer they deny the allegations of the petition and aver that plaintiff had entered into an agreement with them whereby plaintiff agreed to furnish all the labor and material for the construction of a dwelling house upon the premises described in the petition, for a price not to exceed $13,000, and after proceeding with the construction under the agreement, plaintiff informed the defendants that it would not complete the construction of the dwelling house for such price, and that the cost of construction thereof would exceed $15,000, and refused to further proceed with the construction of the dwelling house unless defendants agreed to pay an additional construction cost in excess of $13,000, and that by reason of such breach of contract by plaintiff, defendants have been damaged in the sum of $10,000.

Defendants, in their cross-petition, aver further that they purchased the real estate described in the petition, from the plaintiff on or about November 5, 1948, and thereupon entered into an agreement with plaintiff for the building and construction of a dwelling house thereon in accordance with plans and specifications provided by plaintiff and approved by defendants, at a cost to defendants, fully completed, including the grading of the real estate, of not to exceed $13,000, the actual cost thereof to be determined upon estimated costs of material and labor, plus ten per cent, and that the plaintiff agreed to submit estimates to defend-

ants as the construction of the dwelling house proceeded, and defendants agreed to pay plaintiff, as the construction proceeded, the estimated costs of labor and materials plus ten per cent thereof; and that thereafter plaintiff furnished defendants two estimates for certain specified amounts and, upon the submission of the second of such estimates, informed defendants that plaintiff would not complete the construction of the dwelling house for a sum not to exceed $13,000, and refused to proceed further with the construction thereof unless defendants would agree to pay any and all additional costs of material and labor then and there estimated by plaintiff to exceed $15,000.

Defendants allege further that by reason of plaintiff's failure to complete construction of the dwelling house they were damaged in the sum of $10,000.

The prayer of the answer and cross-petition is for damages in the sum of $10,000 and costs.

These were the pleadings upon which the cause was submitted to the Common Pleas Court where it was tried to a jury.

Upon the trial, the plaintiff introduced in evidence a contract in writing bearing date of October 26, 1948, duly signed by the plaintiff and the defendant Alex Thome, in the presence of subscribing witnesses, but not signed by the defendant Erna N. Thome, providing for the construction of the dwelling house in question by plaintiff.

This contract stated that second party (Alex Thome) agrees to pay the first party (plaintiff) for the construction of the dwelling house, the net costs thereof, plus ten per cent, the net costs being the actual amounts paid by the first party for labor and materials.

The plaintiff introduced evidence also tending to prove the furnishing of the labor and materials by

plaintiff to defendants, the cost of each item thereof, and the amounts due plaintiff from defendants therefor, as alleged in the petition.

The defendant Alex Thome, called for cross-examination by plaintiff, identified this agreement as an agreement in writing entered into between him and the plaintiff for the construction of the dwelling house upon the premises described in the petition upon a cost-plus basis.

Plaintiff introduced evidence also tending to prove that the mechanic's lien, as alleged in the petition, had been perfected according to law and constituted a lien on the premises described in the petition.

Defendants, through cross-examination of the officers of the plaintiff, sought to prove that in the negotiations between the parties leading up to the execution of the written contract above mentioned, the parties had contemplated inserting a clause in the agreement placing a limitation of $13,000 on the amount to be paid by defendants to plaintiff for the construction of the dwelling house, and sought to prove also that subsequent to the execution of the written agreement hereinbefore mentioned, the parties had orally agreed to a modification thereof whereby the defendants would not be required to pay in excess of $13,000 for the construction of the dwelling house, but such evidence so sought to be introduced by the defendants showed no consideration moving to the plaintiff for the proposed modification.

The court refused to admit this evidence, upon the ground that the negotiations of the parties had merged in the contract and the contract was not ambiguous, and defendants not having pleaded or charged that fraud or mistake had induced or attended the execution of the agreement, such evidence was not admissible to alter the terms of the written contract, and further, that defendants had not pleaded that the

written contract had been modified, and that a written contract could be modified by oral agreement only where there was a consideration for such oral agreement, and the evidence sought to be introduced did not show such consideration.

The defendants then proffered evidence tending to prove that subsequent to the execution of the written agreement, the plaintiff orally agreed with the defendants that the written contract should be modified so as to provide that there should be paid by the defendants to the plaintiff for the construction of such dwelling house a sum not to exceed $13,000, but the evidence so tendered failed to show that there was any consideration moving to the plaintiff for the suggested modification of the agreement.

The defendants did not offer or introduce any evidence tending to contradict or controvert any of the evidence introduced by plaintiff.

The defendants then rested, and the plaintiff moved for a directed verdict in its favor for the amount alleged in its petition to be due it from defendants, and shown by the evidence introduced by it to be due and payable to it from defendants, and for foreclosure of the mechanic's lien, which motion the court granted and entered judgment accordingly, at the costs of defendants.

That is the judgment from which this appeal is taken.

The defendants, appellants, assign error in the following particulars:

1. The court erred in admitting testimony on cross-examination of appellant, Alex N. Thome, in particular, with reference to matters not raised by the issues in the petition and the answer.

2. The court erred in admitting exhibits "1 A" and "1 B" after refusing admission of testimony on cross-examination relative to the negotiations between

the parties prior to and subsequent to October 26, 1948.

3. The court erred in sustaining objections to questions directed to appellants relative to negotiations between the parties and concerning inducements for an agreement for the construction of a dwelling house for the appellants.

4. The court erred in sustaining objections to questions directed to appellants with reference to conversations between the parties subsequent to October 26, 1948, and with reference to the payment of the first estimate for material, work and labor.

5. The court erred in directing a verdict for the appellee.

6. The court erred in overruling the appellants' motion for a new trial.

7. For all other errors occurring at the trial to which exceptions were taken and manifest from the face of the record.

1. The plaintiff called the defendant, Alex Thome, as if for cross-examination only for the purpose of having him identify the agreement in writing entered into between him and the plaintiff. The court did not err in admitting the testimony of Thome on cross-examination, as the plaintiff, in its petition, based its claim for recovery upon an agreement it had entered into with defendants, and the testimony of Thome on cross-examination tended to prove the written contract entered into between plaintiff and Alex Thome as the contract upon which plaintiff's action was predicated.

2. The court did not err in the admission of the exhibits "1 A" and "1 B" as such exhibits were identified as plans and specifications attached to the written agreement between the plaintiff and Alex Thome, and referred to in the agreement as being attached thereto.

3. The written agreement was not ambiguous and its terms fully and completely covered its subject matter. The defendants did not plead or in any way charge that the agreement was induced by fraud or mistake. In this situation, all negotiations leading up to the formation of the written agreement are conclusively presumed to be merged in the instrument, and oral evidence of negotiations tending to alter the terms of the written agreement is inadmissible for that purpose. Hence, the court did not err in its refusal to admit such evidence. *Howard v. Thomas,* 12 Ohio St., 201; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Green,* 126 Ohio St., 512, 186 N. E., 365, 87 A. L. R., 1268. See, also, 20 American Jurisprudence, 964, Sections 1101 and 1102.

4. The court did not err in sustaining objections to questions directed to appellants with reference to conversations between the parties subsequent to October 26, 1948, the date the written agreement was entered into, as such questions were designed to elicit testimony tending to prove oral consent to modification of the written agreement without any consideration moving to plaintiff for such modification. An oral agreement intended to modify a written agreement must itself have the essential ingredients of a binding contract. 9 Ohio Jurisprudence, 578, Section 326; *Yin v. Amino Products Co.,* 141 Ohio St., 21, 46 N. E. (2d), 610.

An oral agreement, to have the effect to alter or modify the terms of a prior written contract, must be a valid and binding contract of itself, resting upon some new and distinct consideration. *Thurston v. Ludwig,* 6 Ohio St., 1, at page 6.

5. The court did not err in directing a verdict for plaintiff. All the evidence introduced by plaintiff tended to prove the allegations of plaintiff's petition. No person testified to the contrary. The positive state-

ments of plaintiff's witnesses were not contradicted by any other witness or any other circumstances. Standing uncontroverted, they must be accepted as proof in the absence of any other testimony or circumstances from which a contrary inference can be drawn. The record discloses none. *Hayes* v. *Kentucky Joint Stock Land. Bank,* 125 Ohio St., 359, 362, 181 N. E., 542.

Although Erna N. Thome, wife of the defendant Alex N. Thome, did not sign the agreement she had knowledge of the construction of the dwelling house, being done under contract with her husband, and pursuant to the provisions of Section 8318, General Code, is bound for the payment of the costs of construction to the same extent as if she had signed the agreement. 26 Ohio Jurisprudence, 776, Section 54; *Kennett* v. *Rebholz & Carr,* 8 Am. L. Rec., 354, 6 Dec. Rep., 824; *Donahue* v. *Kesting,* 7 N. P., 377, 5 O. D. (N. P.), 153.

The verdict was directed only for the amount shown by the evidence to be due to plaintiff from defendants.

6. The motion for new trial was predicated upon the same grounds as the assignments of error we have discussed and found to be without merit. The court therefore did not err in overruling such motion.

7. As errors under assignment No. 7 are not specified or argued in appellants' brief they will not be considered.

As we find no error in any of the particulars assigned and argued in appellants' brief, the judgment of the Common Pleas Court is affirmed at the costs of appellants, and the cause remanded for execution.

*Judgment affirmed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.