Bob Neumann and Eric Nickerson appeal from a decision of the common pleas court which granted summary judgment in favor of Timothy Shimko, Esq., on their claims for breach of a 20% contingency fee contract and for conversion. On appeal, they assert genuine issues of material fact exist regarding whether they had been under duress when they signed a subsequent 30% contingency fee agreement, and whether the court abused its discretion in denying their motion to amend the complaint to add a cause of action for usury.
Shimko cross-appeals from a separate determination of the court which denied his motion for sanctions against Neumann and Nickerson for filing a frivolous complaint against him.
After reviewing the record, we have concluded the arguments presented are not well taken and that the trial court did not abuse its discretion in denying the motion for sanctions. Therefore, we affirm the actions of the court in this case.
The history of this case reveals that in 1987, WD-40 fired manufacturing representatives Eric Nickerson, Robert Neumann, Ron Vitucci, Craig Glenn, Pierre Behrle, Larry Stone, Mike Hammack, and John Mahler. They subsequently retained Shimko to represent them against WD-40 in a wrongful discharge action, and each signed a 20% contingency fee agreement. A dispute arose concerning the payment of expenses incurred during the course of the litigation. Shimko maintains the contingency fee agreement required the plaintiffs to pay expenses as incurred; Neumann and Nickerson, however, maintain the agreement indicates they would pay for the expenses at the conclusion of the litigation. All plaintiffs paid toward their respective share of the litigation costs and expenses, except for Hammack, Neumann and Nickerson. Because of this, Shimko presented them with three options: bring their case expense accounts current; sign a 30% contingency fee agreement against which Shimko would advance money to cover their case expenses; or employ new counsel. Mr. Hammack opted to bring his account current, while Neumann and Nickerson opted to sign the 30% contingency fee agreement.
The case proceeded to trial and the jury returned a verdict in favor of the plaintiffs for $10,500,000.00, which Shimko collected and disbursed to all the plaintiffs. Following distribution of their proceeds, Neumann and Nickerson filed the instant complaint against Shimko alleging breach of a contract and conversion, asserting that Shimko had retained $673,282.35 from Neumann, and $518,975.48 from Nickerson. Shimko filed a motion for sanctions for filing a frivolous complaint, and a motion to dismiss. The court treated the motion to dismiss as one for summary judgment and granted it, but denied the motion for sanctions. Contemporaneously with these rulings, the court denied Neumann and Nickerson's motion for leave to amend their complaint to add a count for usury. Neumann and Nickerson now appeal and set forth two assignments of error, and Shimko cross-appeals and also sets forth two assignments of error.
We shall consider the assignments of error advanced by Neumann and Nickerson. The first states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES ON COUNTS ONE (1) THROUGH TWO (2) OF APPELLANTS' COMPLAINT, AS APPELLANTS ESTABLISHED GENUINE ISSUES OF FACT MATERIAL TO THE ALLEGATIONS CONTAINED IN THESE COUNTS AND THAT APPELLEES WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
Neumann and Nickerson maintain the court erred in granting summary judgment in favor of Shimko because they claim they executed the 30% contingency fee agreement under duress, and attempted to prove duress by introducing parol evidence of the circumstances surrounding the contract formation.
Shimko, however, maintains the court properly granted summary judgment because no genuine issues of material fact exist regarding whether Neumann and Nickerson were under duress when they executed the new contingency fee agreement and he asserts Neumann and Nickerson have not properly appealed this issue because they voluntarily dismissed counts three and four of their complaint. We have examined the complaint and find that counts three and four have been dismissed, but we do not believe that dismissal to be dispositive here.
The issue then, concerns whether the trial court erred when it granted summary judgment in favor of Shimko, thereby foreclosing Neumann and Nickerson's claims for breach of a contract and conversion.
Civ.R. 56(C) provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Additionally, Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45;Harliss v. Willis Day Warehousing (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Appellants advance two issues for consideration: first, a claim that the contract had been signed under duress; and the second, that the court erred in refusing to allow parol evidence to vary the terms of the written contingency fee agreement.
Regarding the claim of duress, the court in Blodgett v.Blodgett (1990), 49 Ohio St.3d 243, stated in its syllabus:
 To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party.
The court in Blodgett, citing Urban Plumbing Heating Co. v.United States (U.S.Ct. of Claims 1969), 408 F.2d 382, which quoted Fruhauf Southwest Garment Co. v. United States (U.S.Ct. of Claims 1953), 111 F. Supp. 945, also stated at 246:
 * * * three elements are common to all situations where duress has been found to exist. These are: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. * * * The assertion of duress must be proven to have been the result of the defendant's conduct and not by the plaintiff's necessities. * * *.
Regarding the issue of the parol evidence rule, we stated inAmeriTrust Co. v. Murray (1984), 20 Ohio App.3d 333, citingGerwin v. Clark (1977), 50 Ohio App.2d 331:
 "* * * the parol evidence rule precludes the introduction of evidence of conversations or declarations which occur prior to or contemporaneous with a written contract and which attempt to vary or contradict terms contained in the writing * * *".
Further, in Shifrin v. Forest City Enterprises, Inc. (1992),64 Ohio St.3d 635, the court stated in its syllabus:
 Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions.
The original contingency fee agreement, providing for a 20% fee to Shimko, stated in part:
 In addition to this fee, I agree to pay the reasonable expenses that are incurred in my representation. This may include, but is not limited to, court costs, court reporting fees, travel expenses, fees for expert reports and/or expert testimony, etc. * * *
 Depending on the expenses, I understand that the firm of Zavarello Shimko, Co., L.P.A. may periodically request that I pay for expenses incurred or anticipated before my case is over. (Emphasis added)
During their depositions, both Neumann and Nickerson testified that they signed an agreement containing this language.
The record before us reveals that despite Shimko's efforts to obtain reimbursement for litigation expenses from Neumann and Nickerson, they did not respond. In an effort to resolve the situation, Shimko presented them with three options: pay their portion of the litigation expenses, execute a new contingency fee agreement, or seek new counsel. Pierre Behrle, another WD-40 representative, even offered to loan the money to Neumann, but Neumann refused. Neumann and Nickerson eventually decided to sign a new, 30% contingency agreement which provided as follows:
 I agree that the firm of Shimko, King Stich shall charge and receive as a fee an amount equal to thirty percent of the amount recovered for me or my family * * *. In addition to this fee, I agree to pay the reasonable expenses that are incurred in my representation. * * * I understand that Shimko, King Stich will not request reimbursement for expenses incurred or anticipated, before my case is over and I agree to pay such expenses at the time the case is terminated or the involvement of the firm of Shimko, King Stich in the case is terminated, whichever comes first. (Emphasis added).
 I understand that whether or not any money is recovered on my behalf, I will pay Shimko, King Stich the expenses incurred in representing me.
In support of his motion for summary judgment, Shimko submitted affidavits from Behrle, Stone, Glenn, Vitucci and Hammack, other WD-40 litigants. In their affidavits, they stated that Shimko made it clear that they would be responsible for the litigation expenses, that Shimko never represented to them that the case expenses would not be due until the end of the case, and that Neumann and Nickerson were given the options of paying their expenses, entering into a 30% contingency fee agreement or employing new counsel.
In response, Neumann and Nickerson submitted their affidavits, answers to interrogatories, and the deposition testimony of all plaintiffs. Neumann did not attest to his understanding of when the expenses had to be paid, but, in his answers to interrogatories, he stated Shimko told him that the WD-40 plaintiffs did not have to pay litigation expenses until the conclusion of the case. Neumann also alleged that he had been under duress when he signed the 30% contingency fee agreement. Nickerson testified that he believed he would not have to pay for the litigation expenses until the conclusion of the case, and he also claimed he had been under duress when he signed the 30% contingency fee agreement.
The record here fails to demonstrate that Neumann or Nickerson involuntarily accepted Shimko's terms; that the circumstances of the case permitted them no other alternative but to sign the new, 30% contingency fee agreement; or that the circumstances surrounding the signing of the new contingency fee agreement had been the result of Shimko's coercive acts.
Therefore, after construing the evidence in this case most strongly in favor of Neumann and Nickerson, we have concluded that they failed to establish the necessary elements to prove duress. Further, in accordance with AmeriTrust and Shifrin,supra, the parol evidence rule precludes the introduction of conversations or declarations which occurred prior to or contemporaneously with the contract to vary its terms. Because there are no genuine issues of material fact regarding this assignment of error and because Shimko is entitled to judgment as a matter of law, the trial court did not err in granting summary judgment in this case. Therefore, this assignment of error is overruled.
The second assignment of error states:
 IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT, THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING APPELLANTS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT TO ADD A NEW CAUSE OF ACTION SOUNDING IN USURY.
Neumann and Nickerson maintain that the court erred when it overruled their motion for leave to amend their complaint because the cause of action for usury had only been discovered during Shimko's deposition, which took place almost one year after the filing of the initial complaint.
Shimko maintains the court did not err in denying Neumann and Nickerson's motion to amend the complaint because a contingency fee agreement does not fall into the cause of action for usury, as it is defined in R.C. 1343.01.
The issue presented for our review concerns whether the trial court abused its discretion when it denied Neumann and Nickerson's motion for leave to amend their complaint.
Civ.R. 15(A) provides:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calender, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.
Further, in Doe v. Flair Corp. (1998), 719 N.E.2d 34, we stated:
 It is well established that the decision to grant or deny a motion for leave to file an amended complaint is well within the sound discretion of the trial court and such decision will not be disturbed on appeal absent an abuse of that discretion.
A cause of action grounded in usury is set forth in R.C.1343.01 (A), which provides:
 The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually, except as authorized in division (B) of this section.
Here, Neumann and Nickerson based their claim of usury on Shimko's deposition testimony, where he stated:
 * * * they would have until September 1, 1991 to bring their expense accounts current. If they did not do so by that time, they could participate in the case by entering into a new fee agreement under which I would be willing to loan them the money and carry their expenses of the case in exchange for a 10 per cent increase in each of the fees to me * * *.
From this testimony, Neumann and Nickerson seek to characterize the fee agreement as a bond, bill, promissory note, or other written instrument for the forbearance of payment or money at any future time. However, neither the original 1988 fee agreement, nor the September 1991 fee agreement contain a provision for the payment of interest. The additional 10% simply reflects a new contingency fee percentage for Shimko as payment for his legal services. Thus, we conclude the court did not abuse its discretion when it denied the motion for leave to amend the complaint. Accordingly, this assignment of error is overruled.
The cross-assignments of error state:
I.
 THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON APPELLEES' MOTION FOR SANCTIONS UNDER O.R.C. 2323.51
DURING WHICH HEARING APPELLEES COULD HAVE DEVELOPED THE COLLUSIVE RELATIONSHIP BETWEEN THOMAS LOBE, APPELLANTS, AND APPELLANTS' COUNSEL AND THE WRONGFUL MOTIVES OF THE APPELLANTS' COUNSEL FOR FILING THE ACTION BELOW.
II.
 THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLEES' MOTION FOR SANCTIONS UNDER RULE 11 AND UNDER O.R.C. 2323.51.
Shimko maintains the court erred when it failed to hold a hearing on his motion for sanctions pursuant to R.C. 2323.51 and abused its discretion when it denied his motion for sanctions pursuant to Civ.R. 11 because the lawsuit filed against him had no basis in law and could not be supported by a good faith argument for an extension or modification of existing law.
Neumann and Nickerson maintain the court did not err when it failed to hold a hearing and did not abuse its discretion when it denied his motion to award sanctions.
Here, then, we confront whether the court should have held a hearing on Shimko's motion for sanctions and whether it abused its discretion when it denied that motion.
R.C. 2323.51(B)(1) authorizes the court to:
 * * * award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct. * * *
 (2) An award may be made pursuant to division (B)(1) of this section * * * only after the court does all of the following:
(a) Sets a date for a hearing * * *;
(b) Gives notice of the date of the hearing * * *;
(c) Conducts the hearing * * *;
In Pisani v. Pisani (1995), 101 Ohio App.3d 83, we held:
 * * * In order to reconcile our own decisions and those of our sister appellate courts, we now hold that a hearing is mandatory under R.C. 2323.51 only when sanctions are imposed and is not necessary when the court determines, upon consideration of the motion and in its discretion, that it lacks merit.
The record before us reveals that the court reviewed briefs from counsel in connection with the motion for sanctions, and then denied it.
In accordance with our decision in Pisani, because the court denied the motion for sanctions, it had no obligation to conduct a hearing in this instance. We therefore have determined the court did not err in failing to hold a hearing on that motion.
Cross-appellant Shimko also avers the court abused its discretion in denying this motion in contravention of Civ.R. 11. In relevant part, Civ.R. 11 provides:
 Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *.
Shimko has not specifically addressed this assignment of error in his brief; however, upon review, the pleadings here have been signed by counsel and raised justiciable issues. Therefore, our review reveals no abuse of discretion by the trial court in denying the request for sanctions.
Accordingly, these assignments of error are overruled.
Judgment affirmed.
It is ordered that defendant-appellees recover of plaintiff-appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR
 __________________________ TERRENCE O'DONNELL, JUDGE