Because I conclude that appellees presented competent credible evidence, which proved the elements of fraud and breach of contract, I respectfully dissent from the judgment and opinion of the majority.
Generally, the "parol evidence rule precludes the introduction of evidence of conversations or declarations which occur prior to or contemporaneous with a written contract and which attempt to vary or contradict terms contained in the writing * * *." Gerwin v. Clark (1977),50 Ohio App.2d 331, 332-333. However, evidence of a contemporaneous oral agreement may be introduced, when the agreement was made in order to induce a party to enter into a written contract. Walters v. First Nat. Bank of Newark (1982), 69 Ohio St.2d 677, 681. The Supreme Court of Ohio has held that parol or extrinsic evidence may be introduced to prove fraudulent inducement. Drew v. Christopher Constr. Co., Inc. (1942),140 Ohio St. 1, paragraph two of the syllabus.
In this case, parol evidence is admissable because the promissory notes do not contain the total agreement between the parties, and the Sharmas were fraudulently induced to enter the contract. The evidence demonstrates that the Sharmas were induced into lending a friend, Hardial Singh Sahota, the sum of $75,000, because of appellant's assurances of payment of this obligation by both appellant and her husband and of their financial security. While the Sahotas explained that their money was "tied up," appellees clearly relied on appellant's assurances that the loan would be promptly repaid. Further, a trial court's decision regarding the admissibility of evidence should not be reversed unless appellant demonstrates that it abused its discretion. O'Brien v. Angley (1980),63 Ohio St.2d 159, 163.
Therefore, I hold that the trial court did not abuse its discretion, since testimony regarding appellant's involvement was admissible to demonstrate fraud and, thus, is not barred by the parol evidence rule. Accordingly, I hold that appellant's second assignment of error lacks merit.
I also hold that appellees proved, by clear and convincing evidence, the elements of the common law tort of fraud, as set forth in Burr v. Bd. of Cty. Commrs. of Stark Cty. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus. It is undisputed that the Shahotas were friends of appellees, prior to the events giving rise to this litigation. It appears that appellant took advantage of the trust that the Sahotas had placed in her and her husband, as personal friends. Appellees testified that, while the loan may have been made to assist friends, they relied on appellant's assurances that the loan would be repaid. The terms of the contract, set forth in the promissory notes, called for repayment of the principal amount with interest and potential profit. Hence, I conclude that appellant's third assignment of error lacks merit.
For these reasons, I disagree with the majority's treatment of the second and third assignments of error. Instead, I would affirm the judgment of the Geauga County Court of Common Pleas, which properly ruled that the Sahotas fraudulently took advantage of the trust placed in them by their friends.