OPINION
Defendant, Adept Manufacturing Corp. ("Adept"), appeals from a judgment for Plaintiff, Cad Cam, Inc. ("Cad Cam"), on Adept's claim for breach of contract.
Adept is a tool company. It was engaged by Alcoa Corporation to remodel a machine used to drill holes in automobile bumpers, automating the process by which the location of the holes is selected.
Cad Cam provides design and consulting services. Cad Cam and Adept entered an oral contract whereby Cad Cam agreed to provide such services for the work that Adept would perform on Alcoa's machine. Adept agreed to pay Cad Cam $15,000 for its services.
The design plans that Cad Cam delivered to Adept were, in Adept's view, incomplete in relation to Adept's needs. As a result, according to Adept, it was required to perform 150 hours of services to cure the defects and omissions.
Cad Cam agreed to reduce its invoice price by $4,150, the value of the additional man-hours that Adept was required to expend. This lowered the contract price from $15,000 to $10,850. However, Adept failed to pay Cad Cam any monies at all on the job. Adept also failed to pay two unrelated invoices totaling $5,700.
Cad Cam commenced the underlying action against Adept to collect the amounts it claims it is owed. Adept answered, alleging a material breach of contract that operated to relieve Adept of any duty to pay Cad Cam for its services.
The case was referred to a magistrate, who found that Cad Cam had substantially performed its obligations under the contract, and granted Cad Cam a judgment against Adept in the amount of $9,750 for services that Cad Cam performed. Adept objected to the magistrate's application of the substantial performance doctrine to reject its breach of contract defense. The trial court overruled the objection and adopted the decision as its own order. Adept filed a timely notice of appeal.
Adept argues on appeal that the trial court erred in applying the "substantial performance" exception to reject Adept's breach of contract claim.
A party that breaches a contract is not entitled to collect damages from a non-breaching party. Sites v. Moore (1992),79 Ohio App.3d 694. Neither does mere partial performance entitle the breaching party to collect, unless the performance it rendered substantially satisfied its contract obligations. Miller v.Bealer (1992), 80 Ohio App.3d 180. A party fails to substantially perform when its omissions are material to the essential duties it promised to perform.
The contract into which Cad Cam and Adept entered was oral, not written. Further, it appears to have contemplated some degree of collaboration between them in achieving its object, which was to allow Adept to remodel the machine as Alcoa Corporation wished. The trial court could reasonably find, on the record before it, that Cad Cam had performed its essential duties under the contract. The fact that Adept expected a more complete service does not undermine the correctness of that judgment.
The trial court awarded Adept a set-off from the contract price in the amount of the value of the services it contributed to perform the duties that Cad Cam failed to perform. Adept does not question the amount, which is calculated on an hourly rate. Rather, Adept argues that the extent of that contribution, 150 man-hours out of a total of690 that Adept expended on the job, necessarily demonstrates a material breach by Cad Cam. We do not agree.
The additional man-hours that Adept expended, about 22% of the total man-hours for the job, is not trifling. However, the real issue is whether Cad Cam's failure to provide the services involved was a material breach of the contract into which the parties had entered. Determination of that issue requires findings concerning their intentions and reasonable expectations, and whether the services that Cad Cam provided satisfied its essential duties. Those issues present mixed questions of law and fact.
The trial court and its magistrate, who heard and saw the witnesses, are in a far better position than is this appellate court to determine whether a breach occurred in this case, and whether Adept substantially performed its obligations under the contract. Reversal on the basis argued would require us to substitute our judgment for the judgment of the trial court in too many of those respects, which we must decline to do.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
John T. Ducker, Esq.
Richard L. Carr, Esq.
Hon. John W. Kessler