DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On May 24, 2000, the Municipal Court of Barberton granted judgment for the appellants, Kelly Kirk and Donna Schmidlin, d.b.a. Abyss ("Appellants"), in the amount of $1,032.25 and granted judgment for the appellee, Lianna Mihalca ("Mihalca"), in the amount of $7,200. Appellants appealed the trial court's judgment. We affirm.
 I.
Appellants filed a complaint against Mihalca alleging breach of contract. Appellants asserted that pursuant to an oral contract they performed excavating work for Mihalca for several months. The Appellants did not work on Mihalca's property from the end of September until February because Appellants were in Florida. After returning from Florida, Mihalca refused to allow Appellants to finish their work.
Mihalca answered the complaint and filed a counterclaim against Appellants. Mihalca alleged that Appellants breached the contract by failing to complete the contract in a timely and workmanlike manner. Mihalca fired Appellants after their four-month absence from the job and hired a new excavator to finish the work.
The trial court found that the "parties did not agree as to when [Appellants] were to complete their work and there was no agreement that `time was of the essence.'" Appellants performed work on Mihalca's property from May of 1998 until September of 1998. Mihalca paid Appellants for their work except for $1,032.25 for extra work. The trial court determined that Appellants did not complete the work in a reasonable time and that the Appellants abandoned the project when they left for Florida. The trial court awarded judgment to the Appellants in the amount of $1,032.25 and awarded judgment to Mihalca in the amount of $7,200.
The Appellants timely appealed to this court.
 II.
Assignment of Error:
 The trial court erred in finding for the Defendant on her counterclaim where the Court relied on contract law enunciated in [Commrs. of Highland Cty. v. Rhoades
(1875), 26 Ohio St. 411][1] as to what is a "reasonable time" to complete a construction project.
 The Appellants assert that the trial court failed to determine "reasonable time" under the circumstances of this particular situation. Specifically, the Appellants refer to the weather conditions and that Mihalca failed to object to the timeliness of the contract.
"A contract is a promise or a set of promises, the breach of which the law provides a remedy, or the performance of which the law in some way recognizes a duty." Cleveland Builders Supply Co. v. Farmers Ins. Groupof Cos. (1995), 102 Ohio App.3d 708, 712. Where the time for performance of a contract is not specifically set forth in a contract, a reasonable time for performance will be inferred. Oil, Chem. Atomic WorkersInternatl. Union v. Martin Marietta Energy Sys., Inc. (1994),97 Ohio App.3d 364, 369. A reasonable time is not measured by hours, days, weeks, months or years, but rather is determined by the surrounding conditions and circumstances that the parties contemplated when they executed the contract. Miller v. Bealer (1992), 80 Ohio App.3d 180,182. The determination of a reasonable time period is a question of fact for the trier of fact.
In the present case, the Appellants did not cause the transcript of the proceedings be filed with the court of appeals. As a result, it is not part of the record on appeal. Pursuant to App.R. 9(B), the appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. See State v. Williams (1995),73 Ohio St.3d 153, 160; App.R. 9(B). The record filed with this court consists of the original papers, certified copy of the docket and journal entries from the trial court and several exhibits from the trial.
We find that the Appellants have failed to include in the appellate record evidence that demonstrates the error they are asserting. Without a transcript of proceedings we are not able to review the alleged circumstances that the Appellants are asserting the trial court failed to consider. Accordingly, the assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Barberton Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] We note that in Commrs. of Highland Cty. v. Rhoades, the Supreme Court of Ohio held that when a contract does not contain a completion date by implication of law the "work should be commenced and completed within a reasonable time." Rhoades, 26 Ohio St. at 419. Furthermore, the determination of what constitutes reasonable time includes "circumstances which the unknown future may develop, as well as circumstances known to the parties at the time." Id.