AMERITRUST COMPANY, APPELLEE *v.* MURRAY, APPELLANT.

(Nos. 47675 and 47958—Decided October 15, 1984.)

*Robert V. Secrist, Jr.,* and *Forrest F. Stanley,* for appellee.

*Thomas C. Schrader* and *Stephen E. Pigott,* for appellant.

CORRIGAN, C.J., On February 26, 1980, Ohio Turbine Repair, Inc. ("Ohio Turbine") borrowed $80,000 from appellee, AmeriTrust Company ("Ameri-Trust"). On the same date, Ohio Turbine executed an agreement giving appellee a security interest in all of its machinery and equipment.

Appellant, John C. Murray, along with John and Jane Moore, personally guaranteed the loan as well by executing and delivering to appellee a Guaranty of Payment of Debt ("guaranty"). Appellant alleges that, prior to signing the guaranty, it was represented to him that Ohio Turbine would incur no additional debts without his knowledge and consent. He claims that Ohio Turbine did, in fact, incur additional debts subsequent to his signing the guaranty and that he received no notice of those debts. Appellant further alleges that he was told that he would never incur any liability because Ohio Turbine could easily manage its loan payments and that the company's assets greatly exceeded its indebtedness to appellee.

Ohio Turbine later defaulted on its loan from appellee. Appellee sold the company's collateral and applied the proceeds to a loan obligation that was not guaranteed by appellant. On October 3, 1983, appellee obtained a cognovit judgment against appellant in the amount of $41,683.62 along with interest at the rate of thirteen percent per annum from the date of judgment.

On October 20, 1983, appellant filed a motion for relief from judgment with the trial court. The court held informal hearings on the motion on October 28, November 18, and December 2, 1983. On December 6, 1983, appellant's motion was denied. Appellant is now before this court assigning the following errors:

"I. The trial court erred to the

substantial detriment of defendant-appellant when it granted a cognovit judgment in favor of plaintiff-appellee where valid defenses to plaintiff-appellee's claim exist.

"II. The trial court abused its discretion and abridged the constitutional right of defendant-appellant to due process of law when it denied defendant-appellant's motion for relief from judgment, where unrebutted operative facts were presented which indicate that reasonable minds could conclude that defendant-appellant has valid defenses to the claim of plaintiff-appellee."

Appellant's assignments of error will be addressed jointly as they involve the same central issues. Civ. R. 60(B) provides:

"Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

In *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d 251], we established three requirements which must be met when a party files a Civ. R. 60(B) motion for relief from judgment. The motion must contain *operative* facts which demonstrate (1) that the motion was filed within a reasonable period of time; (2) the reasons that the moving party is entitled to relief; and (3) that the moving party has a meritorious defense or claim to present if relief is granted.

There is no question that the first prong of the test was met in this case as appellant's motion for relief from judgment was filed within several weeks of the judgment of the trial court.

Regarding the second prong of the test, appellant contends that he was induced to sign the guaranty due to fraud and misrepresentation by appellee. However, the guaranty form, which was signed by appellant, contains clauses which directly contradict his allegations of fraud. First, appellant asserts that he was told that the loan he was asked to guarantee would be the only indebtedness owed by Ohio Turbine to appellee. Appellant should have carefully read Paragraph 5.2 of the guaranty, which states:

"Guarantor waives (a) notice of the granting of any loan to Borrower or the incurring of any other debt by Borrower or the terms and conditions thereof, (b) presentment, demand for payment and notice of dishonor of the debt or any part thereof, or any other indebtedness incurred by Borrower to Bank, (c) notice of any indulgence granted to any obligor and (d) any other notice to which Guarantor might, but for the within waiver, be entitled; * * *."

Similarly, appellant argues that it was represented to him that he would never incur any liability on the loan because Ohio Turbine's assets greatly

exceeded its indebtedness to the appellee. In direct contradiction, Paragraph 2 of the guaranty states:

"2. Guarantor desires that Bank grant Borrower the certain loan(s) and/or credit as set forth in section 9 hereof and other financial accommodations. Guarantor deems it to be the direct pecuniary interest of Guarantor that Borrower obtain such financial accommodations from Bank. Guarantor understands that Bank is willing to grant said financial accommodations to Borrower only upon certain terms and conditions, *one of which is that the Guarantor guarantee the payment of the debt,* and this instrument is being executed and delivered in consideration of each financial accommodation, if any, granted to Borrower by Bank and for other valuable considerations." (Emphasis added.)

"* * * A party may * * * proffer evidence of a contemporaneous oral agreement when the agreement was made in order to induce a party to enter into a written contract. * * *" *Walters v. First National Bank of Newark* (1982), 69 Ohio St.2d 677, 681 [23 O.O.3d 547]. However, "* * * the parol evidence rule precludes the introduction of evidence of conversations or declarations which occur prior to or contemporaneous with a written contract and *which attempt to vary or contradict terms contained in the writing * * *.*" (Emphasis added.) *Gerwin* v. *Clark* (1977), 50 Ohio App.2d 331, 332-333 [4 O.O.3d 283]. See, also, *Neil* v. *Bd. of Trustees of the Ohio Agricultural & Mechanical College* (1876), 31 Ohio St. 15 (a case which specifically held that a guarantor cannot introduce parol evidence to vary the terms of a written guaranty instrument). Thus, appellant cannot argue that he was the victim of fraud and misrepresentation when the terms of the written guaranty, which he signed, specifically refute that argument. Accordingly, appellant did not

meet the second prong of the test in *Adomeit* v. *Baltimore, supra,* because he failed to establish that he was entitled to relief from judgment under Civ. R. 60(B). That failure alone was a sufficient basis for the trial court to deny appellant's motion.

Furthermore, and directly relevant to appellant's case on its merits, appellant has not established a meritorious defense. First, for the reasons just adduced, appellant cannot claim that he was the victim of fraud and misrepresentation. Appellant next contends that the appellee did not conduct itself in a commercially reasonable manner in disposing of Ohio Turbine's collateral. R.C. 1309.47(C). In *Peoples Acceptance Corp.* v. *Van Epps* (1978), 60 Ohio App.2d 100 [14 O.O.3d 75], this court held:

"In view of the fact that all of the proceedings are conducted by the creditor and that he alone knows the details of those proceedings, it is manifest that only he can establish the validity of the commercial transaction. We therefore conclude that the better rule requires the secured party to bear the burden of proving that the sale of the collateral is commercially reasonable and that the subsequent deficiency judgment is valid.

"The standards which should be used to determine a commercially reasonable sale are matters of fairness and business practice. The secured party should always attempt to sell the repossessed collateral for the best price possible, and where there is a gross discrepancy between the disposal and the original sale price of the repossessed collateral, there must be some affirmative showing on the part of the secured party that the terms of the repossession sale were commercially reasonable." *Id.* at 104.

In the instant case, we conclude that appellee did dispose of Ohio Turbine's collateral fairly and in accordance with sound business practices. Appellee ran

336

advertisements in both The Plain Dealer and The Wall Street Journal advertising the machinery and equipment for sale. Appellee obtained an appraisal stating that the forced sale value of the collateral was $64,500. Appellee subsequently sold the collateral to the highest bidder for $61,250, thus obtaining what it deemed to be the best price possible for the collateral. It must be remembered that a bank has an obligation to its depositors and shareholders to act in their best interest. In this case, appellee was not obliged to advertise the collateral for sale for an indefinite period of time until it obtained a higher price. Under the circumstances herein, appellee acted in a commercially reasonable manner. See, generally, *First Natl. City Bank* v. *Cooper* (1975), 50 App. Div. 2d 518, 519, 375 N.Y. Supp.2d 118, 120.

Finally, appellant maintains that appellee acted unlawfully in applying the proceeds from the sale of the collateral to a loan obligation not guaranteed by appellant. We disagree. The security agreement executed by Ohio Turbine, in Paragraphs 11 and 2, specifically gives appellee the discretion to apply the proceeds from the collateral as it sees fit. Additionally, see *Advance Thresher Co.* v. *Hogan* (1906), 74 Ohio St. 307; *Miller Brewing Co.* v. *Gregg* (C.A.6, 1968), 389 F.2d 878, 881; *Natl. Bank of Commerce* v. *Garn* (1902), 3 Ohio C.C.(N.S.) 428, 436-437 (all three cases holding that a creditor can apply proceeds to that portion of a debt not covered by a personal guaranty before applying them to the guaranteed portion). Therefore, appellee was justified in utilizing the proceeds from the sale of the collateral to retire an unguaranteed debt by Ohio Turbine.

For the reasons delineated herein, the trial court acted lawfully in granting a cognovit judgment against appellant and in denying appellant's motion for relief from judgment. Accordingly, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PARRINO and PATTON, JJ., concur.