**MILLER, Appellee,**

v.

**BEALER, Appellant.**

[Cite as *Miller v. Bealer* (1992), 80 Ohio App.3d 180.]

Court of Appeals of Ohio,
Wayne County.

No. 2689.

Decided May 20, 1992.

*Robert J. Reynolds,* for appellee.

*Robert N. Gluck,* for appellant.

CACIOPPO, Presiding Judge.

In January 1990, the appellee, Charles J. Miller, and the appellant, Allen Bealer, entered into an agreement whereby Bealer's body and welding establishment was to make substantial repairs and improvements to Miller's 1947 Ford. The agreement did not specify a completion date, stating that "[d]ue to the complexity of the repair and the quality of the work required, we are unable to always guarantee a specific delivery time." The record reflects that the parties initially believed that the automobile would be completed by April 15, 1990.

In October 1990, Miller requested that the automobile be completed by January 1, 1991. Bealer, unable to perform by this date, requested until February 28, 1991 to complete the automobile. On December 12, 1990, Miller,

with Bealer's assistance, retrieved the automobile from Bealer's establishment. Miller had the repairs and improvements completed by another party.

Miller filed this action on March 8, 1991, alleging breach of contract. On May 8, 1991, Bealer filed a counterclaim essentially claiming breach of contract as a result of Miller's removal of the automobile and failure to pay the balance due under the contract for additional labor. Miller supplemented his complaint, increasing his amount of alleged damages. After a bench trial, the trial court found that a reasonable time for performance was nine months and that Bealer breached the contract by failing to perform within a reasonable time, and awarded Miller $14,103.12. The trial court dismissed Bealer's counterclaim.

Bealer appeals, asserting three assignments of error.

Assignments of Error

"I. The decision of the Court is contrary to law and against the manifest weight of the evidence with respect to the finding that Defendant–Appellant breached the contract in question.

"II. The Court's decision is contrary to law and against the manifest weight of the evidence as it relates to damages awarded to Plaintiff–Appellee."

As the first and second assignments of error both concern the manifest weight of the evidence, they will be addressed together.

In a civil case, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Shear v. W. Am. Ins. Co.* (1984), 11 Ohio St.3d 162, 164, 11 OBR 478, 480, 464 N.E.2d 545, 547.

Bealer first contends that the trial court's finding concerning what period of time was reasonable is against the manifest weight of the evidence. Reasonable time for a contract's performance is not measured by hours, days, weeks, months or years, but is to be determined from the surrounding conditions and circumstances which the parties contemplated at the time the contract was executed. *Turner Brooks of Ohio, Inc. v. Bowling Green State Univ.* (1989), 51 Ohio Misc.2d 1, 3, 554 N.E.2d 956, 958. The record reflects that both parties contemplated a completion date by April 15, 1990. This date passed due to numerous problems discovered after Bealer began work on the car. It was Bealer's contention at trial, as it is here, that a specific time period for the completion of such a project is not ascertainable due to the quality of work required and the uncertainties attendant in undertaking such

a project. Miller's witnesses, which were all experienced in this type of work, gave estimates of six to twelve months to complete such a job. It is well recognized that the credibility of witnesses is primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Given the testimony of the witnesses called by Miller, the trial court could properly conclude that nine months was a reasonable time for completing the project.

■ Bealer further contends that he was not given a reasonable time to perform, urging that Miller's actions in retrieving the automobile hindered his performance. The record does not support this contention. There is evidence in the record that Miller contacted Bealer in October to request a January 1, 1991 completion date. Bealer, unable to perform by the requested date, asked for an extension until February 28, 1991. Given our previous disposition that nine months was a reasonable period, one could reasonably conclude that Miller's actions were a reasonable reaction to Bealer's breach, rather than the cause of the breach as argued by Bealer.

The gist of Bealer's second assignment of error is that the amount of judgment must be reduced by the amount of costs he expended in partially performing.

■ The general rule is that where a party has partially but not substantially performed, and the failure to perform is not excused, no recovery can be had on the contract or in *quantum meruit.* 18 Ohio Jurisprudence 3d (1980) 147, Contracts, Section 231. The principle of law recognized by this rule is that the courts will not encourage the violation of agreements by relieving a defaulting party from an intentional and unjustifiable breach of an agreement and allowing him to recover *pro tanto* for the past performance of a contract that is entire where the other contracting party is not at fault and has not waived full performance. *Id.* at 148, Section 232.

While the record indicates that Bealer incurred expenses in his partial performance, we see no reason to deviate from the general rule in the case at bar where the record indicates an unjustifiable breach on behalf of Bealer. Accordingly the second assignment of error is without merit.

The first and second assignment of error are overruled.

### Assignment of Error III

"The Court erred as a matter of law by dismissing the counterclaim of the Defendant–Appellant."

In this assignment of error, Bealer repeats his previous arguments that he was wrongfully denied an opportunity to complete the contract and that nine months was not a reasonable time to complete the automobile.

As we have previously found these arguments to be without merit, the third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.