OPINION
Defendant/third party plaintiff-appellant Allstate Insurance Co. appeals the May 14, 2001 Judgment Entry entered by the Morrow County Court of Common Pleas, granting summary judgment in favor of third party defendants-appellees Universal Underwriter's Insurance Co. and Liberty Mutual Insurance Co.
 STATEMENT OF THE FACTS AND CASE
In August, 1994, Rex Humphrey purchased a new 1994 Ford Ranger from Ricart Ford, Inc., in Columbus, Ohio. Allstate provided automobile liability insurance for the vehicle. Within the first month of ownership, Humphrey experienced mechanical problems with the truck, and brought the vehicle to the service center at Ricart Ford for repairs. Ricart provided Humphrey with a 1994 Ford Taurus to use while his truck was being repaired through its Ford Rent-A-Car System. Universal provides insurance to Ricart Ford and Ford Rent-A-Car System. Humphrey signed a rental agreement for the Taurus. Liberty Mutual provides insurance for Fort Motor Company.
Subsequently, on September 11, 1994, Humphrey gave permission for use of the Taurus to Jodi Carver, his live-in girlfriend. While driving the Taurus, Carver failed to yield and collided with a vehicle operated by Nancy Stoner. Nancy Stoner and her husband, Ernest, filed a complaint in the Morrow County Court of Common Pleas, seeking damages arising out of the accident. The Stoners named Ricart Ford, Humphrey, and Carver as defendants. The Stoners subsequently amended the complaint, adding Allstate as a defendant. Allstate filed a timely answer and cross-claim against Ricart Ford.
On January 29, 1998, Allstate filed a third party complaint against Universal Underwriter's Insurance Co. and Liberty Mutual Insurance Co., seeking a declaration the policies issued by Universal and Liberty provided coverage to Humphrey and Carver. Allstate filed a motion for summary judgment. Liberty and Universal filed cross-motions for summary judgment.
Via Judgment Entry filed May 14, 2001, the trial court granted summary judgment in favor of Universal and Liberty, and against Allstate.
It is from this judgment entry Allstate appeals, raising the following assignments of error:
 THE COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT UNIVERSAL'S GARAGE POLICY DOES NOT PROVIDE COVERAGE FOR THE LOANER PROVIDED BY HUMPHREY WHEN IT TEMPORARILY REPLACES THE CUSTOMER'S AUTO.
 THE COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THERE WAS NO LIABILITY COVERAGE UNDER THE LIBERTY POLICY FOR THE RENTED VEHICLE.
Any other facts relevant to our discussion of Allstate's assignments of error shall be contained therein.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.[1] Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.[2]
 I
In its first assignment of error, Allstate maintains the trial court erred in granting summary judgment in favor of Universal. Specifically, Allstate takes issue with the trial court's determination the Universal policy did not provide coverage for the Taurus while Carver operated the vehicle.
Herein, the trial court specifically found liability attached to the operator of the motor vehicle, to wit: Carver, and insurance coverage must be reasonably linked to the operator of the motor vehicle. The trial court determined the Universal policy did not cover Carver, who was merely borrowing the vehicle from Humphrey, who had the lawful authority to use the vehicle.
The Universal policy includes Unicover Coverage Part 500, entitled "Garage," which provides coverage not only for "Garage Operations," but also for "Auto Hazard." "Auto Hazard" is defined as follows:
 "Auto Hazard" means the ownership, maintenance, or use of any AUTO YOU own or which is in YOUR care, custody or control and:
(1) used for the purpose of GARAGE OPERATIONS;
 (2) used principally in GARAGE OPERATIONS with occasional use for other business or nonbusiness purposes;
(3) furnished for the use of any person or organization.
Coverage Part 500 defines "insured" with respect to "Garage Operations" differently from the way it defines the term with respect to "Auto Hazard." With respect to "Garage Operations," the policy defines "insured" as follows:
(1) YOU;
(2) YOUR spouse, if YOU are sole proprietorship;
 (3) Any of YOUR partners and their spouses, paid employees, directors, executive officers, stockholders, while acting within the scope of their duties as such.
With respect to "Auto Hazard," the policy defines "insured" as follows:
(1) YOU;
 (2) Any of YOUR partners, paid employees, directors, executive officers, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;
(3) any CONTRACT DRIVER;
 (4) Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.
It is well settled "a person is not an insured under the liability provisions of an automobile insurance policy unless defined by the terms of the policy as an insured."[3] We must determine whether Humphrey was an insured under the aforementioned language. Clearly, Humphrey does not fall within the definition of "insured" with respect to "Garage Operations." Allstate argues Humphrey falls within the fourth category of the definition of "insured" with respect to "Auto Hazard." Allstate explains because Humphrey was an insured, he had the authority to permit Carver to use the vehicle and coverage extended to Carver. We disagree.
In Bob-Boyd Lincoln Mercury v. Hyatt[4], the Ohio Supreme Court analyzed the policy language at issue herein. Bob-Boyd, an automobile dealership, permitted Hyatt, a perspective customer, to test drive one of its vehicles overnight.[5] The following day, while returning the vehicle to Bob-Boyd, Hyatt was involved in a two-vehicle accident.[6]
The dealership was insured by Universal Underwriter's, which paid Bob-Boyd for the damage to the vehicle, and subsequently filed suit against Hyatt and his insurance carrier.[7] The trial court and the court of appeals found Hyatt to be an insured under the Universal policy.[8] The Supreme Court, after analyzing the Ohio Financial Responsibility Act[9], held Hyatt was not "required by law to be an INSURED" under the dealership's insurance policy when the customer drove a dealer-owned vehicle;[10] therefore, Hyatt was not an insured.
In accordance with the Supreme Court's holding in Bob-Boyd LincolnMercury, we find Humphrey was not an insured under the Universal policy; therefore, when Humphrey granted permission to Carver to use the vehicle, coverage did not extend to Carver. We further find the trial court did not err in granting summary judgment in favor of Universal.Allstate's first assignment of error is overruled.
 II
In its second assignment of error, Allstate argues the trial court erred in granting summary judgment in favor of Liberty Mutual. Specifically, Allstate takes issue with the trial court's determination no liability coverage existed under the Liberty policy.
Allstate maintains Ford Motor Company was required to maintain liability coverage on the Taurus pursuant to R.C. 4509.51, unless Humphrey agreed to be solely responsible for maintaining proof of financial liability on the vehicle. Allstate submits Humphrey did not contractually agree to such responsibility, and although Humphrey executed a rental agreement, such is insufficient to establish Humphrey rejected liability coverage or limited his right to permit another driver to operate the vehicle.
The rental agreement reads, in pertinent part:
 ONLY THE BELOW NAMED PERSONS ARE AUTHORIZED AS ADDITIONAL DRIVERS. IF NONE, PRINT "NONE" ACROSS THIS SECOND AND HAVE SIGNED BY CUSTOMER.
_________________________________________________________
Name
On the agreement executed by Humphrey, the word "none" is typed directly below the aforequoted sentences, a large handwritten "X" and Humphrey's signature appear on the signature line. Allstate maintains an ambiguity exists as to whether the "X" next to Humphrey's signature and partially through the word "none" eradicates the word "none," thus allowing the introduction of parole evidence. We disagree.
Evidence which contradicts the clear wording of a contract is not admissible.[11] "The parole evidence rule precludes the introduction of evidence of conversations or declarations which occur prior to or contemporaneous with a written contract and which attempt to vary or contradict terms contained in the writing."[12] "If no ambiguity appears on the face of the instrument, parole evidence cannot be considered in an effort to demonstrate such an ambiguity."[13]
Upon careful review of the rental agreement, we find the "X" is not ambiguous, but merely indicates where Humphrey is required to sign. Our conclusion is bolstered by the fact the agreement is signed by Humphrey a second time and "X" appears on that signature line as well. Accordingly, we find the rental agreement is not ambiguous; therefore, Allstate cannot introduce parole evidence to vary the terms of the rental agreement and create a dispute as to whether Humphrey authorized others to drive the Taurus. Based upon the foregoing reasons, we find the trial court did not err in determining there was no liability coverage under the Liberty Mutual policy.
Allstate's second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morrow County Court of Common Pleas is affirmed.
Costs assessed to Allstate Insurance Company.
Hon. William B. Hoffman, P.J., Hon. Sheila G. Farmer, J., Hon. John W. Wise, J., concur.
[1] Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36.
[2] Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
[3] Bob-Boyd Lincoln Mercury v. Hyatt (1987), 32 Ohio St.3d 300, para. 2 of syllabus.
[4] Id.
[5] Id. at 300.
[6] Id.
[7] Id.
[8] Id.
[9] R.C. 4509.
[10]Id. at 304.
[11]AmeriTrust Co. v. Murray (1984), 20 Ohio App.3d 333.
[12]Id. at 335.
[13]Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635,638.