DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, RR Grinding Manufacturing, Inc., appeals from the judgment of Lorain County Court of Common Pleas granting summary judgment in favor of Appellee, Absolute Machine Tools, Inc. This Court affirms.
 I. {¶ 2} Appellee filed suit against Southwest Industrial Sales, Inc., Wyota Massey, Joann Kelly, Bill Kelly, and Appellant on July 23, 2002. Pertinent to this appeal, Appellee alleged that Appellant had entered into a contract to purchase machinery from Appellee. Appellee asserted that Appellant had canceled the contract without cause and that Appellant's breach caused damages in the amount of $49,052.00. Specifically, Appellee alleged that Southwest Industrial had induced Appellant's breach by promising a similar contract with additional incentives.
 {¶ 3} Appellant denied each of the allegations in the complaint asserting that the alleged contract between the parties spoke for itself and that Appellee had no cause of action for breach of contract. Following discovery, Appellee moved for summary judgment. In its motion, Appellee asserted that no genuine issue of material fact remained and that it was entitled to judgment as a matter of law. Appellant responded to the motion, relying upon the deposition of its president, Ruben Berdoza. Appellant argued that Mr. Berdoza's deposition demonstrated that no meeting of the minds had occurred and that the parties had not entered into an agreement. The trial court disagreed and granted Appellee's motion for summary judgment on November 5, 2004. Following the voluntary dismissal of Appellee's remaining claims, Appellant timely appealed, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in failing to determine there was no valid contract and subsequent breach because there was no `meeting of the minds' between the parties."
 {¶ 4} In its sole assignment of error, Appellant contends that the trial court erred in granting summary judgment in favor of Appellee. Specifically, Appellant argues that two conditions precedent existed before the contract became binding and that those conditions were not satisfied. We disagree.
 {¶ 5} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 8} Appellant asserts that its contract with Appellant was conditioned upon Appellant receiving a contract from a third party and upon Appellant obtaining appropriate financing. We find that Appellant's assertions are barred by the parol evidence rule.
 {¶ 9} When a contract's written language is a complete and accurate integration of the parties' contract, then the parol evidence rule precludes the introduction of evidence of conversations or declarations which occurred prior to or contemporaneous with the formation of the written contract and which attempt to vary or contradict the written terms of the contract. AmeriTrust Co. v. Murray (1984),20 Ohio App.3d 333, 335. In their contract, the parties included integration language which read as follows:
"This Contract (including the Exhibit A and all other attachments hereto) constitutes the entire agreement between the Parties regarding the subject matter hereof and supersedes all prior oral and written agreements, negotiations and/or arrangements regarding the subject matter hereof. * * *"
Based upon the plain language of the integration clause, Appellant is barred by the parol evidence rule from introducing evidence that the contract contains conditions which are not set forth in the writing. The writing itself contains no mention of either of the conditions upon which Appellant relies. Accordingly, we are left to determine whether a valid contract existed between the parties and whether Appellant breached the contract.
 {¶ 10} A valid contract consists of an offer, acceptance, and consideration. Tersigni v. Gen. Tire, Inc. (1993), 91 Ohio App.3d 757,760. In the instant matter, the writing indicates that Appellee offered to sell machinery to Appellant for $122,400.00 and that Appellant agreed to purchase the machinery for that amount. Accordingly, each of the elements of a valid contract was established by Appellee.
 {¶ 11} "Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach."Garofalo v. Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95, 108. As noted above, Appellee established the existence of a binding contract. The parties do not dispute that Appellee fulfilled its obligations under the contract and that it was damaged by Appellant's nonperformance under the contract. Based upon our findings that no conditions precedent exist in the contract, Appellant had no legal excuse for its nonperformance. Accordingly, the trial court properly granted summary in favor of Appellee on its breach of contract claim. Appellant's sole assignment of error is overruled.
 III. {¶ 12} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Carr, J., concur.