DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David C. King, has appealed from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which denied his emergency motion regarding school enrollment. This Court affirms.
 I {¶ 2} Appellant and Appellee, Laura J. King, were granted a divorce on March 9, 2004. Upon entering the divorce decree, the trial court incorporated the terms and conditions of a separation agreement and a shared parenting plan that the parties had orally agreed upon at a prior hearing. On July 15, 2004, Appellant filed an emergency motion, alleging that the parties' children had special needs which could only be met through their attendance at a Catholic school.
 {¶ 3} Without taking evidence, the magistrate denied Appellant's motion. Appellant filed a motion to set aside the magistrate's decision, effectively arguing that the magistrate's decision was against the manifest weight of the evidence. The trial court overruled Appellant's motion and adopted the magistrate's decision, denying Appellant's motion to place the children in Catholic school. Appellant has timely appealed, raising four assignments of error for our review. For ease, Appellant's second and third assignments of error have been consolidated.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED WHEN IT DENIED FATHER'S MOTION FOR SCHOOL ENROLLMENT BECAUSE THE FATHER IS THE DEFACTO (sic) CUSTODIAL PARENT, WHICH AFFORDS HIM THE RIGHT TO DECIDE WHERE THE MINOR CHILDREN ATTEND SCHOOL."
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court erred when it denied his motion for school enrollment. Specifically, Appellant has asserted that as the de facto custodial parent he is entitled to determine where the children attend school. We disagree.
 {¶ 5} A trial court retains broad discretion in child custody matters, and this Court will only reverse the trial court upon a showing of an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Appellant has asserted that common law provides him the right to make choices regarding the children's schooling because he is the de facto custodial parent. Appellant's claim, however, ignores the plain language of the parties' shared parenting plan which provides:
"Commencing Fall 2004, the children shall be enrolled in Wadsworth Public Schools."
The shared parenting plan was incorporated into the parties' divorce decree, and Appellant did not appeal from that decree. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Accordingly, res judicata bars any attack by Appellant on the validity of the shared parenting plan. The trial court, therefore, did not abuse its discretion by relying upon the plain language of the shared parenting plan and denying Appellant's motion. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED WHEN IT DENIED FATHER'S MOTION FOR SCHOOL ENROLLMENT BECAUSE SUCH ORDER VIOLATES FATHER'S RIGHTS UNDER THE ESTABLISHMENT CLAUSE."
 Assignment of Error Number Three
"THE TRIAL COURT ERRED WHEN IT DENIED FATHER'S MOTION FOR SCHOOL ENROLLMENT BECAUSE SUCH ORDER VIOLATES FATHER'S RIGHTS UNDER THE FREE EXERCISE CLAUSE."
 {¶ 7} In his second and third assignments of error, Appellant has argued that the trial court violated his constitutional rights when it denied him the right to send his children to a religious school. We disagree.
 {¶ 8} An appellate court may generally not consider any error which "a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs
(1968), 14 Ohio St.2d 56, paragraph three of the syllabus; State v.Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus. Constitutional rights, too, may be lost by the failure to assert them at the proper time. State ex rel. Specht v. Bd. of Edn. (1981),66 Ohio St.2d 178, 182.
 {¶ 9} In the instant matter, Appellant did not challenge the validity of the magistrate's decision on constitutional grounds. Accordingly, Appellant has waived these arguments on appeal. Id. See also Civ.R. 54(E)(3)(d). Appellant's second and third assignments of error lack merit.
 Assignment of Error Number Four
"THE TRIAL COURT ERRED WHEN IT DENIED FATHER'S MOTION FOR SCHOOL ENROLLMENT WITHOUT TESTIMONY OR THE OPPORTUNITY TO PRESENT TESTIMONY."
 {¶ 10} In his final assignment of error, Appellant has asserted that the trial court violated his right to due process when it failed to permit him to introduce evidence in support of his motion. We disagree.
 {¶ 11} As indicated in our response to Appellant's first assignment of error, Appellant could not collaterally attack the parties' shared parenting plan. Accordingly, the trial court was left only to interpret the shared parenting plan. As the language of the plan was unambiguous, the trial court did not err in refusing to admit further evidence. SeeAmeriTrust Co. v. Murray (1984), 20 Ohio App.3d 333, 335 (holding that the parol evidence rule bars the introduction of evidence which conflicts with a fully-integrated, unambiguous agreement). Appellant's final assignment of error, therefore, lacks merit.
 III {¶ 12} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Moore, J., concur.