DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Storage World, Inc. (SWI), appeals from the Wadsworth Municipal Court, which found that SWI had breached two contracts with appellees Dr. Alfred Uvegas and Mary Lee Uvegas, rejected SWI's counterclaim, and then ordered SWI to pay damages. This Court affirms.
 I. {¶ 2} In September 2001, Dr. and Mrs. Uvegas signed two purchase agreement contracts with SWI. The two contracts are virtually identical, one for each of two storage units. According to the agreements, SWI was to construct a large, multi-unit storage building and the Uvegases were to purchase two of the units upon completion. Neither contract contained any mention of when the building would be completed. Dr. and Mrs. Uvegas testified that they had contemplated completion within three to six months, while Michael DeMarco, President of SWI, testified that he had contemplated completion within one to one and a half years. The certificate for occupancy was actually issued on June 21, 2004, some two years and nine months after formation of the contracts.
 {¶ 3} During the intervening time, the Uvegases tried repeatedly to contact Mr. DeMarco, but with only scant success. Eventually, they requested their money back. Although Mr. DeMarco claimed to be unaware that they wanted their money back, he admitted that he knew by June 2004 that they were displeased. On June 21, 2004, SWI sent a letter to the Uvegases, informing them that the units had been certified for occupancy and instructing them to make arrangements to pay the balance due on the contract. The Uvegases did not respond, and claim that they never received the letter. On October 25, 2004, they filed a breach of contract lawsuit. SWI counterclaimed for breach of contract, and the case proceeded to trial. On May 20, 2005, the case was tried to the court. The verdict of the court was in favor of the Uvegases on their claim and SWI's counterclaim. SWI timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED IN OVERRULING STORAGE WORLD, INC.'S MOTION IN LIMINE AND PERMITTING PLAINTIFFS TO INTRODUCE PAROLE [sic] EVIDENCE TO MODIFY THE WRITTEN AGREEMENTS THAT EXISTED BETWEEN THE PLAINTIFFS AND DEFENDANT, OVER OBJECTION OF COUNSEL AND CONTRARY TO THE PAROL EVIDENCE RULE."
 {¶ 4} SWI alleges that the admission of certain evidence at trial violated the Parol Evidence Rule. Specifically, SWI alleges that the trial court committed two types of error: (1) an error in admitting the evidence, despite SWI's motion in limine and timely objections; and (2) an error in relying on that evidence to reach its judgment. From this, SWI argues that this Court should reverse the judgment of the trial court and enter judgment in its favor. This Court disagrees.
 {¶ 5} Under the Parol Evidence Rule, "a writing intended by the parties to be a final embodiment of their agreement cannot be modified by evidence of earlier or contemporaneous agreements that might add to, vary, or contradict the writing." Black's Law Dictionary (8th Ed. 2004), parol-evidence rule. See, also,AmeriTrust Co. v. Murray (1984), 20 Ohio App.3d 333, 335; EdSchory Sons, Inc. v. Soc. Natl. Bank (1996),75 Ohio St.3d 433, 440, 1996-Ohio-194. In the present case, SWI moved in limine to prohibit certain evidence and asserted numerous objections during trial. Each time, SWI asserted the Parol Evidence Rule as its basis. The trial court denied the motion and overruled the objections.
 {¶ 6} The Parol Evidence Rule is not a rule of evidence.Rucker v. Everen Secs., Inc., 102 Ohio St.3d 1247,2004-Ohio-3719, ¶ 6. "The question is not really whether evidence can be admitted which might vary the written document, but whether, if the evidence is admitted, it will have the legal effect of varying the document." Black's Law Dictionary, parol-evidence rule. Therefore, SWI's first type of alleged error — that the court erred as an evidentiary principle by admitting the evidence despite SWI's Parol-Evidence-Rule-based motion in limine and objections — is entirely without merit. See Rucker
at ¶ 6.
 {¶ 7} The real issue before this Court is whether the Parol Evidence Rule prohibits the evidence in question from altering the otherwise fully integrated, written agreements. Id. The Parol Evidence Rule applies only to those statements made before or contemporaneous with the formation of the written agreement, that might add to, vary, or contradict the written agreement.AmeriTrust, 20 Ohio App.3d at 335; Ed Schory,75 Ohio St.3d at 440. The statements at issue in this case arise from discussions by the parties during the signing of the contracts. Dr. and Mrs. Uvegas signed two purchase agreement contracts with SWI, wherein SWI would construct a large, multi-unit storage building and the Uvegases would pay the balance due upon completion. According to Dr. and Mrs. Uvegas, during the time they were negotiating the contracts, Mr. DeMarco stated that the units would be complete within three to six months. Mr. DeMarco disputed making these statements, but instead testified that he told the Uvegases that the usual time for construction is one to one and a half years. In either case, it is clear that the statements were made contemporaneous with the formation of the written agreement. See id. Thus, the question becomes whether those statements "add to, vary, or contradict the written agreement." Brunswick Vet. Clinic v. Robert Badura Constr. Co. (Jan. 31, 1979), 9th Dist. No. 825, *1.
 {¶ 8} "Where the time for performance of a contract is not specifically set forth in a contract, a reasonable time for performance will be inferred." Kirk v. Mihalca (Feb. 14, 2001), 9th Dist. No. 20133, *1, citing Oil, Chem. Atomic WorkersInternatl. Union v. Martin Marietta Energy Sys., Inc. (1994),97 Ohio App.3d 364, 369. "A reasonable time for performance is to be distilled from the surrounding conditions and circumstances that the parties contemplated at the time the contract was executed."Widmer v. Edwards (Dec. 13, 1995), 9th Dist. No. 17214, *2, citing Miller v. Bealer (1992), 80 Ohio App.3d 180, 182. "The determination of a reasonable time period is a question of fact for the trier of fact." Kirk at *1. Accordingly, in the absence of an express time for performance within the language of the contract, the trier of fact is called upon to look to the circumstances contemplated by the parties at the time the contract was executed, and from that, infer a reasonable time for performance.
 {¶ 9} The two contracts in the present case are virtually identical, one for each of the two units, although they were signed three days apart. Each contract contains a payment term, stating that the purchasers (Dr. and Mrs. Uvegas) will pay $6,000 down and $22,900 upon closing, and this provision: "The closing date of the sale contemplated by means of this agreement shall take place within 30 days of the completion of the building and certification of occupancy." Therefore, the time for Dr. and Mrs. Uvegas to perform was specifically set forth in the contract.
 {¶ 10} However, neither contract contains any mention of when the building construction will be completed. That is, the time for SWI to perform is not specifically set forth in either contract. As if there was any question of this, Mr. DeMarco testified at trial, on both direct and cross-examination, that he uses the same contract for all of SWI's units and he never puts a completion date in the contract. He emphasized that heintentionally omits a time for completion because there are too many possibilities for delay and he cannot predict when the construction will be complete. The present contracts contained no expression of SWI's time for performance, so a reasonable time for performance needed to be inferred. Kirk at *1.
 {¶ 11} Once it is established that a reasonable time for performance must be inferred into the contract, id., and that the trier of fact must quantify a reasonable time based on "the surrounding conditions and circumstances that the parties contemplated at the time the contract was executed," Widmer,
supra, then it becomes evident that statements comprising the conditions and circumstances surrounding the contract formation do not add to, vary, or contradict the written agreement. EdSchory, 75 Ohio St.3d at 440. Therefore, the Parol Evidence Rule does not prohibit the evidence presently in question from altering the otherwise fully integrated, written agreement. See id. Rather, in the present case, the trial court was called upon (as the finder of fact) to determine a reasonable time for performance, based on the parties' manifestations of their expectations. Kirk, supra; Widmer, supra.
 {¶ 12} Dr. and Mrs. Uvegas testified that they had contemplated a time for performance of three to six months, based on their intended use of the unit to store their newly purchased mobile home. According to their testimony, they had just purchased a large mobile home and had arranged to store it on the dealer's lot for three months until they could move it into the storage unit. Mr. DeMarco testified that he had contemplated a time for performance of one to one and a half years, as that was the usual time for construction of this type of storage building. He also asserted that none of his prior constructions had taken longer. In actuality, the project took two years and nine months, from signing the contracts on September 10 and 14, 2001, until the certificate for occupancy was issued on June 21, 2004.
 {¶ 13} The Uvegases testified that during the intervening time they tried repeatedly to contact Mr. DeMarco without success, alleging over 50 unreturned phone calls and trips to his office when either Mr. DeMarco was not there or no one was there. The few occasions that they contacted Mr. DeMarco occurred by chance: arriving at his office unannounced or calling from a different phone so he would not recognize their telephone number on his caller identification. Eventually, they requested their money back, in a meeting with Mr. DeMarco and a follow-up letter. Mr. DeMarco disputed that he was actively avoiding the Uvegases, insisting that he is often out of town or that they did not answer when he returned their calls. He also denied receiving the certified mail letter and disputed the authenticity of the signed certification card offered into evidence by the Uvegases. However, Mr. DeMarco admitted that there had only been a few contacts during the almost three-year ordeal, all initiated by the Uvegases, and that he had known by June 2004 that they were displeased. From all of this, the finder of fact could have reasonably concluded that two years and nine months was beyond the reasonable time for performance, and therefore, constituted a breach of contract by SWI.
 {¶ 14} Based on the record of the trial, this was the approach taken by the trial court. Upon completion of closing arguments, the trial court judge conducted an on the record inquiry of the attorneys. The court's first question was whether anything in the written contract mentioned a time for SWI to perform — that is to finish construction of the building and certify it for occupancy. After initially arguing that the closing date (i.e., 30 days from issuance of the certificate of occupancy) was SWI's time for performance, SWI's attorney eventually conceded that there was nothing in the contract about completing construction of the building. The court then queried the attorneys on the law, asking whether, since there is nothing expressly written in the contract about a time to perform, is there not an implied condition of the contract that the seller must perform in a reasonable period of time? The Uvegas' attorney readily agreed, but SWI's attorney did not, stating instead: "I don't know of any law that speaks to that issue. Again, we're dealing with a written contract that is not ambiguous in any form, and I think the law says you take it as it is written." SWI's attorney then went back to insisting that the closing date, whenever it happened to occur, was SWI's time to perform. In response, the court posed an example, asking what if SWI had taken 50 years to complete the building: by the terms of the contract, the Uvegas' would have to pay, even 50 years later, when they would likely be dead — would that be reasonable? SWI's attorney conceded that it would not. Thus, the court asked: since the contract is silent, is the court (as finder of fact in a bench trial) obligated to decide whether almost three years was a reasonable time to have the units constructed? SWI's attorney conceded that, in light of all the testimony, the court would have to make that decision. The Uvegas' attorney agreed. Finally, the court closed the trial by addressing SWI's repeated assertion of the Parol Evidence Rule. The court explained that, as it understood the rule, if the contract does not mention when the building had to be completed, then the Parol Evidence Rule has nothing to do with it.
 {¶ 15} As demonstrated by this Court's analysis above, the trial court's approach was correct. SWI's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED IN ENTERING JUDGMENT IN FAVOR OF UVEGAS' [sic] AND AGAINST STORAGE WORLD UPON STORAGE WORLD'S COUNTERCLAIM [sic]."
 {¶ 16} SWI alleges that the trial court erred in finding in favor of Dr. and Mrs. Uvegas, insisting that the trial court should have found that Dr. and Mrs. Uvegas breached the contract and therefore awarded SWI damages, including attorney fees, on its counterclaim for breach of contract. This Court disagrees.
 {¶ 17} Under a breach of contract claim, a plaintiff must demonstrate by a preponderance of the evidence that (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure. Lawrence v. Lorain Cty.Community College (1998), 127 Ohio App.3d 546, 548-49. As explained above, the trial court, sitting as the finder of fact, weighed the evidence and concluded that SWI was obligated to perform, i.e., finish construction, within a reasonable time. Because SWI breached the contracts by failing to perform within a reasonable time, Dr. and Mrs. Uvegas' obligation never arose. Otherwise stated, SWI, as the counterclaim plaintiff, failed to prove the second element — that it had fulfilled its obligations as a precursor to demanding performance from Dr. and Mrs. Uvegas. See id. SWI's second assignment of error is overruled.
 III. {¶ 18} SWI's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Whitmore, P.J. concur.