OPINION *Page 2 
{¶ 1} Defendant-Appellant Larry A. Hout appeals from the April 9, 2008, and June 16, 2008, Judgment Entries of the Stark County Court of Common Pleas, Domestic Relations Division, ordering him to list the marital real estate with Kiko Auctioneers within forty-eight (48) hours and finding him in willful contempt.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 31, 2006, Plaintiff Karen Hout filed a Complaint for Divorce against her then husband, Larry Hout. Prior to the divorce, the parties resided at 1235 Marigold St., Hartville, Ohio.
 {¶ 3} The Decree of Divorce was filed on March 22 2007, which provided the following as the same relates to the marital residence:
 {¶ 4} "The Court finds that the marital residence located at 1235 Marigold Street NW, Hartville, Ohio 44632, is currently listed for sale. There is a first mortgage against the property to AMC Mortgage Company, and a second, home equity line of credit to PNC. Plaintiff is currently residing in the marital residence. Until April 1, 2007, Defendant shall be responsible for the monthly payment to PNC on the home equity line of credit. Until April 1, 2007, Plaintiff shall be responsible for all other payments and costs associated with the marital residence, including the payment to AMC Mortgage Company. Effective April 1, 2007, Plaintiff will vacate the marital residence, and shall quit-claim all of her right, title and interest in said residence to Defendant, after which time, Defendant shall have exclusive use and enjoyment of the marital residence without any claim whatsoever by Plaintiff. Effective April 1, 2007, and until the marital residence is sold, Plaintiff shall be solely responsible for the monthly payment to PNC *Page 3 
on the home equity line of credit, and she shall indemnify and hold Defendant harmless therefrom. Effective April 1, 2007, Defendant shall be responsible for all other payments and costs associated with the marital residence, including the payment to AMC Mortgage Company, and he shall indemnify and hold Plaintiff harmless therefrom. Effective immediately, Defendant shall have the exclusive right to choose the listing agent for the sale of the house, and to make all decisions associated with such sale, including the listing price. Defendant shall use good faith efforts in the sale of the marital residence. Upon the sale of the marital residence, Defendant shall retain any and all net proceeds from such sale, or alternatively, be solely responsible for any remaining liability associated with the marital residence after such sale, and he shall indemnify and hold Plaintiff harmless therefrom. However, in consideration of the settlement negotiations between the parties, Defendant shall pay to Plaintiff, within fourteen (14) days of the closing on the sale of the marital residence, the sum of-seven-thousand five hundred dollars ($7,500.00)."
 {¶ 5} In October, 2007, Appellee Karen Hout filed a motion to show cause why Appellant should not be held in contempt of Court averring that Appellant had not used good faith efforts to procure a sale of the marital residence because Appellant had removed the listing for the real property from the market. The trial court scheduled a hearing on the show cause motion for December 5, 2007.
 {¶ 6} By Judgment Entry filed December 5, 2007, the trial court stated that Appellant "indicated that the property may now be sold and the contempt mitigated." The contempt hearing was set for an evidentiary hearing on February 11, 2008, which was then continued to Feb. 14, 2008. *Page 4 
 {¶ 7} By Judgment Entry filed February 14, 2008, the trial court stated that "[t]he parties reached an interim/partial resolution." The trial court ordered:
 {¶ 8} "Def shall pay $2,000 today toward his obligations pending conclusion of the RE sale which is currently under contract and awaiting financing approval.
 {¶ 9} "All remaining issues are continued w/o prejudice for a conclusion at a hearing on: March 24, 2008
1:00."
 {¶ 10} Appellant moved for a continuance of said hearing on the basis that he would be recovering from surgery. The trial court denied the motion and ordered that an evidentiary hearing would go forward on March 24, 2008.
 {¶ 11} By Judgment Entry dated March 24, 2008, and docketed on April 9, 2008, the trial court made the following findings of fact:
 {¶ 12} "Plaintiff and both counsel appeared for the hearing.
 {¶ 13} "Defendant did not appear due to surgery one week ago today. The defendant has not complied with this court's order regarding the real estate. He removed the property from a listing in favor of a land contract which has not resulted in a sale in the last year. Today he represents that it is back on for listing for a sale. Meanwhile the plaintiff continues to be prejudiced by his delay."
 {¶ 14} The trial court ordered:
 {¶ 15} "The marital residence shall be listed for immediate auction with Kiko Auction and Realty. All parties shall cooperate with the auctioneer forthwith to accomplish the sale on or before May 1, 2008. The defendant shall contact Kiko within 48 hours to provide all information necessary to commence the sale process.
 {¶ 16} "The court will hear the contempt issue on: May 5, 2008 at 11:00 a.m." *Page 5 
 {¶ 17} Appellant appealed the trial court's Order of March 24, 2008.
 {¶ 18} Thereafter, Appellee requested a remand to the trial court to hear the contempt action before the appeal could proceed forward. This Court granted the remand.
 {¶ 19} The case was remanded as such to the trial court for determination of the contempt issue. An evidentiary hearing was held on the contempt motion on June 16, 2008. After hearing the trial court issued the following findings of fact relating to Appellee's contempt motion to wit:
 {¶ 20} "The court heard the testimony of the parties and finds that the defendant did not use "all good faith efforts in the sale of the marital residence" as ordered 3-22-2007. This has impaired plaintiff's right/ability to receive her portion of the proceeds under orders of the court.
 {¶ 21} "The court finds that the defendant is GUILTY of Willful Contempt (1st offense).
 {¶ 22} "Any sentence is STAYED pending resolution of this matter and further orders by the Court of Appeals in their case number 2008CA00088.
 {¶ 23} This also affords the defendant a meaningful opportunity to purge the contempt by substantial efforts he may make to comply with all court orders."
 {¶ 24} Appellant filed an amended notice of appeal to add the trial court's order of June 16, 2008, to this appeal.
 {¶ 25} No transcripts of either the March 24, 2008, evidentiary hearing or the June 16, 2008, contempt hearing have been filed.
 {¶ 26} Appellant now raises the following assignments of error for review: *Page 6 
 ASSIGNMENTS OF ERROR {¶ 27} "I. THE TRIAL COURT EXCEEDED ITS JURISDICTION BY ORDERING APPELLANT TO CONTRACT WITH KIKO AUCTIONEERS FOR AUCTION OF THE MARITAL RESIDENCE WITHIN 48 HOURS.
 {¶ 28} "II. THE TRIAL COURT'S ORDER REQUIRING APPELLANT TO EXECUTE A CONTRACT WITHIN 48 HOURS WITH KIKO REALTY WAS UNREASONABLE, ARBITRARY AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTARY [SIC] TO PREVAILING LAW.
 {¶ 29} "III. THE TRIAL COURT'S FINDING THAT MR. HOUT HAD COMMITTED A WILLFUL CONTEMPT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 30} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 31} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 32} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 33} Appellee filed a Notice stating that she does not contest or dispute Appellant's Assignment of Error I and II, and further waives her right to file a brief in this matter. *Page 7 
 I., II. {¶ 34} In Appellant's first and second assignments of error, Appellant contends that the trial court erred in ordering Appellant to contract with Kiko Auctioneers for auction of the marital residence within forty-eight hours. We disagree.
 {¶ 35} When a divorce decree incorporates an agreement, as in the instant case, "the normal rules of contract construction are applicable." Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus. "Where the time for performance of a contract is not specifically set forth in a contract, a reasonable time for performance will be inferred." Kirk v. Mihalca (Feb. 14, 2001), 9th Dist. No. 20133, citing Oil, Chem. Atomic Workers Internatl. Union v.Martin Marietta Energy Sys., Inc. (1994), 97 Ohio App.3d 364, 369. "A reasonable time for performance is to be distilled from the surrounding conditions and circumstances that the parties contemplated at the time the contract was executed." Widmer v. Edwards (Dec. 13, 1995), 9th Dist. No. 17214, at *2, citing Miller v. Bealer (1992), 80 Ohio App.3d 180,182. "The determination of a reasonable time period is a question of fact for the trier of fact." Kirk, supra. Accordingly, in the absence of an express time for performance within the language of the contract, the trier of fact is called upon to look to the circumstances contemplated by the parties at the time the contract was executed, and from that, infer a reasonable time for performance. Uvegas v. Storage World,Inc., 9th Dist. No. 05CA0052-M, 2006-Ohio-924, at ¶ 8.
 {¶ 36} This Court will review the trier of fact's determination as to what constitutes a reasonable time for performance under an abuse of discretion standard. An abuse of discretion is more than an error of judgment; it means that the trial court *Page 8 
was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 37} In the instant case, Appellant does not dispute that he is under a contractual duty to sell the real property. He only argues that the trial court erroneously added terms to the parties' decree in the form of a sale by auction and a 48 hour period for his performance. However, as stated above, "a reasonable time for performance will be inferred" when a contract lacks an exact time for performance.Kirk, supra. Even if the parties never set forth an exact time period by which Husband's performance was due, his performance was always due within "a reasonable time" as a matter of law. Id.
 {¶ 38} Our review of the record reveals that this Court does not have a record of the hearing which took place on March 24, 2008, which resulted in the trial court's order to contract with the auction company within 24 hours for the auction of the subject property.
 {¶ 39} App. R. 9(B), provides, in part, that `* * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *.
 {¶ 40} An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See, State v. Skaggs (1978), 53 Ohio St.2d 162, 163, 372 N.E.2d 1355.
 {¶ 41} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and *Page 9 
thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp, supra. If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. Wozniak, 90 Ohio App.3d at 409,629 N.E.2d at 506; In re Adoption of Foster (1985), 22 Ohio App.3d 129, 131,489 N.E.2d 1070, 1072-1073.
 {¶ 42} Without a record of such hearing, this Court has no choice but to presume that the trial court reached the right result in imposing this time limit on Appellant.
 {¶ 43} The trial court's journalization of the parties' divorce decree occurred in March, 2007. Husband has failed to sell the property since that time. Given the amount of time that has passed, the trial court could have correctly ordered Husband to sell the property within a reasonable period of time. Without a clarification of the decree, Appellant could forever avoid selling the property.
 {¶ 44} Based on the foregoing, we find that the trial court did not err in ordering the real property in this case to be sold at auction.
 {¶ 45} Appellant's first and second assignments of error are overruled.
 III. {¶ 46} In Appellant's third assignment of error, Appellant contends that the trial court erred in finding him in contempt. We disagree.
 {¶ 47} As stated above, Appellant has failed to file a transcript of the June 16, 2008, contempt hearing.
 {¶ 48} Again, an appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. Such is necessary because an appellant shoulders the burden of demonstrating error by *Page 10 
reference to matters within the record. See, State v. Skaggs (1978),53 Ohio St.2d 162, 163, 372 N.E.2d 1355.
 {¶ 49} Although the record indicates Appellant ordered a transcript from the court reporter, the record reflects, on appeal, that no transcript has been filed. Because Appellant's appeal challenges the trial court's contempt finding, a transcript of the contempt hearing is necessary.
 {¶ 50} Under the circumstances, a transcript of the proceedings is necessary for a complete review of this assignment of error. As Appellant has failed to provide this court with a transcript, we must presume regularity of the proceedings below and affirm.
 {¶ 51} Appellant's third assignment of error is overruled.
 {¶ 52} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Wise, J., Gwin, P. J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1